IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD HAWLEY,

    Plaintiff,

v.                                                                  Civil No. 03-921 WJ/WPL

KELVIN BOWSER, and Unknown
Named DOES 1-15,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO RECONSIDER**

THIS MATTER comes before the Court pursuant to Plaintiff's Motion to Reconsider (Doc. 13). Having considered the motion and the relevant law, I find the motion is not well taken and will be denied.

**BACKGROUND**

Plaintiff filed his Complaint in this matter on August 7, 2003 naming as a Defendant Kelvin Bowser, an officer or agent of the United States. The Complaint alleged that Defendant Bowser, while acting under color of federal law, violated Plaintiff's constitutional rights. On November 24, 2003, Plaintiff filed a motion to compel the United States to provide initial disclosures in order that Plaintiff could determine the whereabouts of Defendant Bowser or, alternatively, determine the identities of the Unknown Named Does. Plaintiff's motion acknowledged that Rule 26 normally does not permit discovery until a Rule 26(f) conference has occurred. However, Plaintiff requested discovery in order to obtain information to complete proper service. On January 7, 2004, the United States Magistrate to whom this case was referred

issued an Order denying Plaintiff's motion to compel.  See Docket No. 3.

On May 27, 2004, Plaintiff filed returns of service with regard to the United States Attorney, the Attorney General and Defendant Bowser.  See Docket Nos. 4,5.  Also on May 27, 2004, Plaintiff filed a Request for Entry of Default.  See Docket No. 6.  On the same date, a Clerk's Entry of Default was docketed in the case.  See Docket No. 7.  However, on August 2, 2004, a Minute Order was entered by the Clerk striking the Clerk's Entry of Default on the basis that proper service had not been made with regard to Defendant Bowser or the United States Attorney.

On May 24, 2005, more than a year later, the Court entered an Order to Show Cause directing Plaintiff to serve defendants by June 24, 2005 or give written explanation why service could not be made.  See Docket No. 11.  The Order noted that Fed. R. Civ. P. 4(m) directs that a case be dismissed if no defendant is served within 120 days of the filing of the complaint, that more than 120 days had elapsed since Plaintiff had filed his complaint, and that the record indicated that no defendant had yet been properly served.  Plaintiff was notified that failure to either serve defendants by June 24, 2005 or provide the Court with a written explanation would result in the dismissal of his complaint without prejudice.

On July 18, 2005, the Court entered an Order dismissing Plaintiff's Complaint without prejudice.  See Docket No. 12.  The Court did not enter a final judgment pursuant to Fec. R. Civ. P. 58.  The record at that time indicated that Plaintiff had made no attempt to contact the Court or prosecute his case since entry of the Order to Show Cause.  On August 5, 2005, Plaintiff filed the instant motion to reconsider.  On September 14, 2005, Plaintiff filed a Notice of Appeal.

**DISCUSSION**

Plaintiff's Motion to Reconsider was not filed within ten days of this Court's Order dismissing his Complaint without prejudice. However, it is not at all clear that the Court's Order was a final, appealable order in that it dismissed the Complaint but not the action, did so without prejudice, and was not accompanied by a separate judgment pursuant to Fed. R. Civ. P. 58. Accordingly, the Court will address the motion to reconsider under the standards set forth in Fed. R. Civ. P. 59(e) rather than the more stringent standards of Rule 60(b).

Plaintiff urges the Court to reconsider its dismissal of his Complaint because (1) he states he did not receive the Court's May 24, 2005 Order to Show Cause; (2) the Court entered the Minute Order striking the Clerk's Entry of Default without a request from a party and without explanation; and (3) the Court denied Plaintiff's motion to compel.

There is always the possibility the Court would have reconsidered or vacated its ruling on Plaintiff's motion to compel if Plaintiff had timely filed a motion to reconsider or filed a timely objection to the Magistrate's ruling. However, Plaintiff did not avail himself of either of these avenues of relief, and the Order denying the motion to compel was entered more than a year and a half before Plaintiff's Complaint was dismissed. Plaintiff took several steps toward prosecuting this action subsequent to the Order denying his motion to compel. Thus, it is difficult to see how the denial of his motion to compel led to the dismissal of his Complaint for failure to prosecute.

Contrary to Plaintiff's assertion, the Court's Minute Order striking the Clerk's Entry of Default does provide an explanation. It states that service was not properly made on Defendant Bowser or on the United States Attorney. The Court is responsible for ensuring proper service for entry of default, and may refuse to enter default or strike an entry of default for improper

3

service.  See Fed. R. Civ. P. 55.  The Court need not wait for a Defendant to complain of improper service before denying entry of default, and it was not improper in this case for the Court to strike the Clerk's Entry of Default absent a request from a party.

With regard to Plaintiff's claim that he did not receive the Order to Show Cause, this is an unverified, unattested contention.  The Court notes that the Order was properly filed and docketed in this case, that Plaintiff's address of record at that time was the one appearing on his initial pleadings, and that Plaintiff has never filed a notice of a change or correction of address.  Accordingly, the Court gives no weight to the allegation that Plaintiff did not receive the Court's Order to Show Cause.

In light of the analysis of Plaintiff's grounds for reconsideration, the Court declines to reconsider its Order Dismissing Plaintiff's Complaint without prejudice for failure to prosecute.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider (Doc. 13) is hereby DENIED.

UNITED STATES DISTRICT JUDGE